TAGGED OPINION



# ORDERED in the Southern District of Florida on August 08, 2007.

                                                          _____
                                                                           A. Jay Cristol, Judge
                                                                     United States Bankruptcy Court

___

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re.                                                                              Case No. 06-10461-BKC-AJC
                                                                                       Chapter 7
ROBERT GEORGE SCOTT, III
SS # xxx-xx-1051

       Debtor.
_____/

### ORDER SUSTAINING TRUSTEE'S OBJECTION TO DEBTOR'S CLAIMED EXEMPTION

       At the evidentiary hearing on the Trustee's Objection to Debtor's Claimed Objection (the "Hearing"), the Court considered evidence and argument from the parties on the issue of whether the spendthrift clause contained in the Rochelle M. Scott Trust (the "Trust") is enforceable under applicable non-bankruptcy law and whether the Debtor's interest in the Trust assets is property of the estate pursuant to 11 U.S.C. §541(c). The Debtor conceded at the Hearing that if Florida law applied to this case, the spendthrift clause would not be enforceable. However, the Debtor argues that Texas law applies and, under Texas law,

Case No. 06-10461-BKC-AJC

the spendthrift clause is enforceable in this case.

Upon review of the applicable Texas statutes, the Court finds the result under Texas law is no different than the result under Florida law. Texas Property Code §112.034 specifically states, in relevant part:

> §112.034.  Merger.
>
> (b) Except as provided by Subsection (c) of this section, a trust terminates if the legal title to the trust property and all equitable interests in the trust become united in one person.
>
> (c) The title to trust property and all equitable interests in the trust property ***may not become united in a beneficiary, other than the settlor, whose interest is protected under a spendthrift trust, and in that case the court shall appoint a new trustee or co-trustee to administer the trust for the benefit of the beneficiary***

(emphasis added). The evidence showed that as a result of the Debtor's actions, title to the Trust property and all equitable interests therein became united in a beneficiary who is not the settlor and whose interest is protected under a spendthrift trust. The evidence demonstrates that the Debtor did not request that the court appoint a new trustee or co-trustee to administer the trust for his benefit. Accordingly, the spendthrift clause is no longer valid.

Under Texas law, a spendthrift trust is one "created with a view of providing a fund for the maintenance of another, and at the same time securing it against his own improvidence or incapacity." *Nunn v. Titche-Goettinger Co.*, 245 S.W. 421, 422 (Tex.App. 1922). Consistent with Texas law's stated purpose and policy behind spendthrift trusts, the settlor of the Trust (the Debtor's mother) specifically set up the Trust to require at least two

Case No. 06-10461-BKC-AJC

co-trustees to administer the trusts for the primary benefit of her children, including the Debtor (*Joint Exhibit 1*, ¶¶8.1 and 8.5).

Notwithstanding, after his mother died, the Debtor went to the 170th Judicial District for McLennan County, Texas, and requested that the Trust's requirement that there always be not less than two trustees be eliminated *(Joint Exhibit 3)*. Once that was accomplished (*Joint Exhibit 4)*, the Debtor's sister resigned as co-Trustee (*Joint Exhibit 7)*, and the Debtor became sole trustee, even though he is the primary, and currently, the only existing beneficiary. Upon her resignation, all legal and equitable title to the Trust assets merged into one person, the Debtor, pursuant to Texas Property Code §112.034(c), and spendthrift protection was lost.

At the Hearing, the Debtor argued that Section 112.034 of the Texas Property Code does not control this case because Sections 112.035 (e) and (f) override the provisions of Section 112.034 (c). However the plain language of sections 112.035(e) and (f)[1] indicates that they are not applicable in this case, as the Trustee is not arguing that the Debtor is the

---

[1] Texas Property Code §112.035(e) states: Spendthrift Trusts. A beneficiary of the trust may not be considered a *settlor* merely because of a lapse, waiver, or release of: (1) a power described by Subsection (f); or (2) the beneficiary's right to withdraw a part of the trust property to the extent that the value of the property affected by the lapse, waiver, or release in any calendar year does not exceed..."

Likewise, §112.035(f) states that: A beneficiary of the trust may not be considered to be a *settlor*, to have made a voluntary or involuntary transfer of the beneficiary's interest in the trust, or to have the power to make a voluntary or involuntary transfer of the beneficiary's interest in the trust, merely because the beneficiary, in any capacity, holds or exercises: (1) a presently exercisable power to: (A) consume, invade, appropriate, or distribute property to or for the benefit of the beneficiary, if the power is: (i) exercisable only on consent of another person holding an interest adverse to the beneficiary's interest; or (ii) limited by an ascertainable standard, including health, education, support, or maintenance of the beneficiary; or (B) appoint any property of the trust to or for the benefit of a person other than the beneficiary, a creditor of the beneficiary, the beneficiary's estate, or a creditor of the beneficiary's estate; ...

Texas Property Code §112.035 (e) and (f) (emphasis added).

Case No. 06-10461-BKC-AJC

"settlor" of the Trust.

Although the Debtor relies on certain commentary,[2] the Court finds the commentary does not support the Debtor's position. The commentary states spendthrift protection is not lost because a beneficiary is "*a*" trustee.[3] That is true, but in this case, a beneficiary is "***the***" trustee, and the difference is exactly why the provisions of §112.035(e) and (f) are entirely consistent with the provisions of §112.034(c), because only in a situation where the Debtor is the only trustee and the only beneficiary is spendthrift protection lost, and that is what has occurred in this case. The Trustee does not dispute that a trustee can be a

---

[2] The legislative history that the Debtor read to the Court *(Committee Report (substituted), by Hartnett, C.S.H.B. 1190,* page 2 (emphasis added)) states, in pertinent part:

> Section 5 amends Section 112.035 of the Texas Trust Code. [...] Section 60 of the Restatement, Third, of Trusts and the comments and examples related thereto call into question the protection from creditors of a spendthrift trust in situations where the trustee also is a beneficiary of the trust, even if the trustee's authority to make distributions is limited to an ascertainable standard such as the health, education, maintenance and support of the beneficiary.
>
> It is common practice in Texas to establish trusts with one of the beneficiaries as trustee. For example, ...
>
> Trusts are drafted this way in Texas because it has long been the predominant view in Texas that spendthrift protection is not lost because ***a beneficiary is a trustee of the trust***, so long as there are ascertainable restrictions on the trustee-beneficiary's authority to make distributions to himself or herself. Section 60 of Restatement, Third of Trusts calls this into question. If Texas courts follow the Restatement approach and disallow spendthrift protection from these trusts, thousands of existing trusts in Texas their beneficiaries may suffer devastating tax and non-tax consequences.
>
> This change clarifies existing law to assure that spendthrift trusts do not lose spendthrift protection because ***the trustee is also a beneficiary of the trust***, so long as the authority to make distributions to a beneficiary is limited to an ascertainable standard such as health, education, maintenance and support. It also clarifies existing law regarding spendthrift protection as it relates to certain powers of appointment.

[3] The Trustee would concede that where there is more than one beneficiary or more than one trustee, merger of all legal and equitable title cannot occur. That is not the case here.

4

beneficiary; the Trustee simply posits that there is no spendthrift protection if *the* sole trustee and *the* sole beneficiary are one and the same. This Court agrees.

At the Hearing, the Debtor argued that he is not the sole beneficiary because there are remainder interests in his future children, and thus merger cannot occur. The Court disagrees. Texas law is clear that only a vested interest will prevent merger. *See Moody v. Pitts*, 708 S.W.2d 930 (Tex. 13th DCA 1986) (held that legal and equitable title did not completely merge so as to defeat a spendthrift trust, because although three of four holders of vested remainders had conveyed their equitable interest to the trustee, who was also a trust beneficiary, one holder of a vested remainder interest had retained his vested interest). "It is [ ] essential to immediate vesting (possession or enjoyment being postponed) that the person to take be presently in existence and of certain identity." *Pinkston v. Pinkston*, 254 S.W.2d 196202 (Tex. App. 1953) (citations omitted) (emphasis added).

By contrast, in this case, there exists no other vested interest in the Trust other than the Debtor. Paragraph 5.2 of the Rochelle M. Scott Trust provides that the lineal descendants of the Debtor are secondary beneficiaries of the Trust,[4] but at trial, the Debtor

---

[4] The Rochelle M. Scott Trust. *See Joint Exhibit 1,* pp. 5-8. The Rochelle M. Scott Trust defines the Secondary Beneficiaries of the Trust Account in ¶5.2 as follows: "The Secondary Beneficiaries are: (A) the Primary Beneficiary; (B) the minor children of the Primary Beneficiary; (C) the adult children of the Primary Beneficiary; (D) the minor descendants of the children of the Primary Beneficiary; and (E) the adult descendants of the children of the Primary Beneficiary." A "descendant" is defined as a lineal descendant in ¶12.2: "References in this Trust Instrument to a descendant of a person shall include the children of such person, the children of such grandchildren ("great-grandchildren"), and in a like manner down the lineal line of descent of such person. For purposes of defining descendants, children shall be as defined in this Article [¶12.1]..." *See Joint Exhibit 1*, ¶¶5.2, 12.1 and 12.2.

5

Case No. 06-10461-BKC-AJC

acknowledged he has no lineal descendants in existence.  Citing *Black's Law Dictionary* 142 (5th ed. 1979) and Chapter 111 of the Texas Property Code, the Debtor asserts that the term beneficiary does not require that an interest be vested, rather the term "as it relates to trust beneficiaries, includes a person who has any present or future interest, vested or contingent. . . ."  However, the Debtor fails to explain how a beneficiary who is not in existence is a "person" under the applicable language of the statute. The beneficiary is the person for whose benefit property is held in trust.  Tex. Prop. Code Ann. §111.004(2).  The existence of a beneficiary is an essential element of a trust, and such beneficiary need be identified with certainty.  In this case, no other beneficiaries exist, other than the Debtor.

The Debtor also argued that because the Order Granting Modification of Trust (the "Order") *(Joint Exhibit 4)* only refers to paragraphs 8.1, 8.2, 8.5, and 8.6 of the Trust, its reach is limited to those four sections and the spendthrift clause remains in effect.  This argument is without merit.  The fact that the spendthrift clause itself was not modified does not mean it remains valid as to the Debtor.  Whether or not the Order directly addresses the spendthrift clause is irrelevant; by operation of law and, specifically, the provisions of §112.034(c), spendthrift protection has been eliminated.  The Debtor has free access to the trust assets.  The Debtor admits that he can (and has) written checks to pay his expenses, including legal fees incurred in his divorce *(Joint Exhibit 10).*

The Debtor's final argument, that all of the checks he wrote were for his health, education, maintenance and support and were within his discretion as trustee may be true,

6

Case No. 06-10461-BKC-AJC

but is irrelevant. "The extent of a trustee's discretion is irrelevant to the validity of a spendthrift provision; the spendthrift attribute either exists, or it does not." *In re Shurley*, 171 B.R. 769 (Bankr. W.D. Tex. 1994), *rev'd other grounds* 115 F.2d 333. Unfortunately for the Debtor, the spendthrift provision, which would otherwise have kept the Trust assets exempt under 11 U.S.C. §541(c)(2), lost its legal efficacy when the Debtor chose to remove the co-trustee and become the sole trustee and the sole beneficiary. The legal and equitable title to the assets of the Rochelle M. Scott Trust having merged into a single person, the spendthrift provision in the Rochelle M. Scott Trust is invalid under Texas law and is therefore not enforceable pursuant to non-bankruptcy law. The assets in the Trust Account are property of the bankruptcy estate pursuant to 11 U.S.C. §541(c)(1); and the Debtor shall turn over same to the Trustee pursuant to 11 U.S.C. §542.

The Court, having reviewed the Objection and the file, having taken testimony, and being otherwise fully advised in the premises, it is:

**ORDERED** as follows:

1. The Objection is SUSTAINED.

2. The legal and equitable title to monies on deposit in the account(s) titled *George R. Scott, III, Exempt Children's Trust,* funded from the Rochelle M. Scott Trust (the "Trust") and of which the Debtor is the Primary Beneficiary, have merged into a single person, the Debtor.

3. As a result, the spendthrift provision contained in paragraph 10.2 of the Trust is invalid as to the Debtor under Title 9 of the Texas Property Code §101 *et.seq.*, and the

7

Case No. 06-10461-BKC-AJC

Debtor's interest in the Trust does not qualify for exemption pursuant to 11 U.S.C. §541(c)(2).

4. The assets held in the Trust are property of the bankruptcy estate pursuant to 11 U.S.C. §541(c)(1).

5. The Debtor shall turn over to the Trustee, within ten (10) days from the date of this Order, all assets in the Rochelle M. Scott Trust.

### # # #

Copies furnished to:

Stacey Soloff, Esq.

Robert Meyer, Esq.